B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>SUSANA G. TSUKANO | DEFENDANTS<br>NEW WEALTH REAL ESTATE, INC. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Craig B. Forry, Esq., 15501 San Fernando Mission Blvd., Ste. 309, Mission Hills, CA 91345 (818) 361-1321 | **ATTORNEYS** (If Known)<br>See attached sheet |
| **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>xx Creditor    □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□x Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Verified complaint for fraud, quiet title and declaratory relief with partially dismissed cross action.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- □ 11-Recovery of money/property - §542 turnover of property
- □ 12-Recovery of money/property - §547 preference
- □ 13-Recovery of money/property - §548 fraudulent transfer
- □ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- □ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- □ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- □ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- □ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- □ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- □ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- □ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- □ 61-Dischargeability - §523(a)(5), domestic support
- □ 68-Dischargeability - §523(a)(6), willful and malicious injury
- □ 63-Dischargeability - §523(a)(8), student loan
- □ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- □ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- □ 71-Injunctive relief – imposition of stay
- □ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- □ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- 3 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- 1 01-Determination of removed claim or cause

**Other**
- □ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- 2 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| x Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| x Check if a jury trial is demanded in complaint | Demand $ 250,000 general; $100,000 punitive |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Lookout Viewpoint, LLC | BANKRUPTCY CASE NO.<br>16-10888-MB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>San Fernando Valley | NAME OF JUDGE<br>Hon. Martin R. Barash |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF<br>none | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| /S/ Leslie Richards | |
| DATE<br>March 26, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>LESLIE RICHARDS |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# Service List

## TSUKANO v. NEW WEALTH REAL ESTATE, INC., et al.

Craig B. Forry, Esq.                          Representing Plaintiff Susana G. Tsukano
Forry Law Group
15501 San Fernando Mission Blvd., Suite 309
Mission Hills, CA 91345
Tel: (818) 361-1321
Craig@forrylaw.com


Francis J. Cunningham, III, Esq.              Representing Defendant
Cunningham & Treadwell                        Equity Trust Company, etc.
21800 Oxnard Street, Suite 840
Woodland Hills, CA 91367-3640
Tel:  (818) 348-1112
mail@ctlaw.cc

James S. Dalton, Esq.                         Representing Defendants,  Brian R. Dozier
Law Office of James S. Dalton                 Edwin G. Chavez, Zoya Vladimirskaya
4142 Van Buren Drive                          New Wealth Real Estate, Inc.,
Culver City, CA 90243-2830                    Lookout Viewpoint, LLC
(805) 455-5028
Lawofficeofjamesdalton@gmail.com


Eric Troff, Esq.                              Representing Strategic Equity Partners, Inc.
Baer & Troff LLP
35 N. Lake Ave., Suite 670
Pasadena, CA 91367
eric@btllp.com

1  **FORRY LAW GROUP**
2  Craig B. Forry, Esq. (SBN 113432)
   15501 San Fernando Mission Blvd., Suite 309
3  Mission Hills, CA 91345
   Telephone:   (818) 361-1321
4  Facsimile:   (818) 365-6522
5  Email:       Craig@forrylaw.com

6  Attorneys for Plaintiff Susana G. Tsukano

7               SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                     FOR THE COUNTY OF LOS ANGELES
9

10  SUSANA G. TSUKANO,                        ) Case No.:      PC055860
                                              )
11                       Plaintiffs,          ) VERIFIED COMPLAINT FOR:
                                              ) 1. Fraud;
12             vs.                            ) 2. Quiet Title; and
                                              ) 3. Declaratory Relief
13  NEW WEALTH REAL ESTATE, INC., a           )
14  California Corporation; LOOKOUT VIEW       )
    POINT LLC, a California Limited Liability  )
15  Company; STRATEGIC EQUITY PARTNERS,        )
    INC. a California Corporation, dba EQUITY  )
16  TRUST COMPANY; BRIAN R. DOZIER, an         )
17  individual; EDWIN G. CHAVEZ-BUESO, an      )
    individual; ZOYA VLADIMIRSKAYA, an         )
18  individual; ALL PERSONS UNKNOWN,           )
    CLAIMING ANY LEGAL OR EQUITABLE            )
19  RIGHT, TITLE, ESTATE, LIEN, OR INTEREST    )
20  IN THE PROPERTY DESCRIBED IN THE           )
    COMPLAINT ADVERSE TO PLAINTIFF'S           )
21  TITLE, OR ANY CLOUD UPON PLAINTIFF'S       )
22  TITLE THERETO, NAMED AS DOES 1 to 10,      )
    inclusive, and DOES 11 to 20, inclusive,  )
23                                            )
                                              )
24                                            )
                         Defendants.          )
25                                            )
                                              )
26

27      COMES NOW Plaintiff Susana G. Tsukano who requests trial by jury and hereby alleges as

28  follows:

CONFORMED COPY
ORIGINAL
FILED
Superior Court of California
County of Los Angeles

JUL 25 2014

Sherri R. Carter, Executive Officer/Clerk
By Monique Bell, Deputy

## FIRST CAUSE OF ACTION

### (For Fraud Against All Defendants)

1.      Plaintiff Susana G. Tsukano ("Plaintiff") is, and all times herein mentioned was, a resident of the County of Los Angeles, State of California.

2.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant New Wealth Real Estate, Inc. ("New Wealth") is and was a corporation formed in the State of California and doing business in the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant Lookout Viewpoint LLC ("Lookout Viewpoint") is and was a limited liability company formed in the State of California and doing business in the County of Los Angeles, State of California.

4.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant Strategic Equity Partners, Inc. ("Strategic Equity") is and was a California corporation doing business as Equity Trust Company and was formed in the State of California and doing business in the County of Los Angeles, State of California.

5.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant Brian R. Dozier ("Dozier") is and was a resident of the County of Los Angeles, State of California.

6.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant Edwin G. Chavez-Bueso ("Chavez-Bueso") is and was a resident of the County of Los Angeles, State of California, and was and is a member and manager of Defendant Lookout Viewpoint.

7.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant Zoya Vladimirskaya ("Vladimirskaya") is and was a resident of the County of Los Angeles, State of California, and was and is an officer and director of Defendant

New Wealth.

8.      The true names and capacities of Defendants sued herein as "All Persons Unknown Claiming any Legal or Equitable Right, Title, Estate, Lien, or Interest In the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto, Named as Does 1 through 10, inclusive" are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Said Defendants, and each of them claim such right, title, estate, lien, easement, or interest in the real property described below adverse to Plaintiff's title, claims or rights and such claims constitute a cloud on Plaintiff's title, claims or rights thereto. Such claims are without any right whatsoever and said Defendants have no right, title, estate, lien, easement, or interest whatever in the real property described below or any part thereof that are adverse to Plaintiff's rights. In the event Plaintiff is able to identify any of the Defendants named as Does 1 to 10, Plaintiff will seek leave of Court to amend this Complaint to identify them herein.

9.      The true names and capacities of Defendants sued herein as Does 11 through 20, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, claim an interest in the real property which is the subject of this action, and that Plaintiff's damages herein alleged were proximately caused thereby.

10.     On or about August 28, 2001, Plaintiff became the owner, along with her husband George S. Tsukano, of the fee simple title to the real property that is located at 9732 Columbus Avenue, North Hills, Los Angeles, California 91343, and is legally described as "Lot 17 of Tract no. 11550, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 258, pages 2 and 3 of maps, in the Office of the County Recorder of said county", and has Assessor's Parcel Number 2656-006-028 (hereinafter "Property"). A true

and correct copy of the Grant Deed that conveyed title to Plaintiff and her husband is attached hereto as Exhibit "1" and it is incorporated by reference.

11.      In June and July of 2013, Plaintiff was deceived by Dozier, acting on behalf of himself, Chavez-Bueso, Vladimirskaya, Lookout View, New Wealth, Strategic Partners, and Does 1 to 20, inclusive, and pursuant to their conspiracy, into signing an Affidavit-Death of Joint Tenant (a true and correct copy of which was recorded on July 25, 2013 and is attached hereto as Exhibit "2" and is incorporated by reference), and a Grant Deed deeding title to the Property to Lookout Viewpoint that was recorded on July 25, 2013 ("Lookout Viewpoint Grant Deed"). A true and correct copy of the Lookout Viewpoint Grant Deed is attached hereto as Exhibit "3" and it is incorporated by reference.

12.      The deception of Plaintiff by Dozier, acting on behalf of himself, Chavez-Bueso, Vladimirskaya, Lookout View, New Wealth, Strategic Partners, and Does 1 to 20, inclusive, was accomplished by Dozier falsely and fraudulently representing on July 8, 2013 to Plaintiff that each of the following important facts was true:

A.      That Dozier was assisting Plaintiff in using only a portion of the Property to obtain money as part of Plaintiff's obtaining a modification of the first mortgage on the Property;

B.      That after recording of the Lookout View Grant Deed, Plaintiff would retain ownership of the Property;

C.      That no further or additional transfers of the Property would occur; and

D.      That Lookout View would eventually deed the Property back to Plaintiff.

13.      The representations of Dozier as set forth in paragraph 12 were false, and the true facts were:

A.      Dozier was not assisting Plaintiff in using only a portion of the Property, but was deceiving Plaintiff into transferring title of the Property to Lookout Viewpoint and the Defendants intended to immediately borrow as much money secured by the Property as the

Defendants could obtain;

    B.  After recording the Lookout Viewpoint Grant Deed, Dozier and the other Defendants intended to borrow $80,000 that was secured by a second deed of trust recorded against the Property in favor of Strategic Equity ("Deed of Trust") (a true and correct copy of the Deed of Trust is attached hereto as Exhibit "4" and it is incorporated by this reference); and

    C.  Lookout Viewpoint would then deed the Property to New Wealth by a Grant Deed recorded on December 11, 2013 ("New Wealth Grant Deed") as a "GIFT". A true and correct copy of the New Wealth Grant Deed is attached hereto as Exhibit "5" and is incorporated by this reference

  14.  When Dozier made such representations on behalf of himself and the other Defendants, he knew them to be false, and such representations were made by Dozier with the intent to cause Plaintiff to rely on the representations and to defraud and deceive Plaintiff into signing the Lookout Viewpoint Grant Deed attached hereto as Exhibit "3".

  15.  At the time of said representations, Plaintiff was not aware or informed of their falsity and Plaintiff reasonably relied upon the representations of Dozier as alleged herein in executing the Lookout Viewpoint Grant Deed attached as Exhibit "3".

  16.  In doing the acts herein alleged, Plaintiff was harmed and damaged because recording of the Lookout Viewpoint Grant Deed enabled the Defendants to further encumber the Property by allowing the Deed of Trust to be recorded, adn then enable Defendants to record the New Wealth Grant Deed, and required Plaintiff to bring the instant action to quiet title to the Property and for declaratory relief regarding Plaintiff's title to the Property as set forth herein. Plaintiff will seek leave to amend this Complaint to allege the precise amount of her damages when they have been ascertained and according to proof at trial, and which Plaintiff believes are in excess of the sum of $250,000.

  17.  Plaintiff's reliance on Dozier's representations was a substantial factor in

causing Plaintiff's harm and damages as alleged herein.

18.    In doing the acts herein alleged, Defendants, and each of them, conspired together and acted with oppression, fraud, malice and willfulness, and Plaintiff is, therefore, entitled to punitive damages under Civil Code Section 3294 against each of the Defendants.

SECOND CAUSE OF ACTION

(For Quiet Title Against All Defendants)

19.    Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 18, inclusive, as set forth above.

20.    As alleged above, Dozier, Chavez-Bueso, Vladimirskaya, Lookout View, New Wealth, Strategic Partners, and Does 1 to 20, inclusive, were able to use Dozier's misrepresentations to deceive Plaintiff into executing the Lookout Viewpoint Grant Deed that is attached hereto as Exhibit "3" and thereby obtain sole title to the Property, and then record the Deed of Trust and the New Wealth Grant Deed against the title to the Property.

21.    On August 1, 2012, Chavez-Bueso signed Deed of Trust for the sum of $80,000 in favor of Strategic Equity that was recorded on August 2, 2013, and then signed the New Wealth Grant Deed on November 26, 2013 that was recorded on December 11, 213, without Plaintiff's knowledge or permission, and which created a further lien against the Property.

22.    Plaintiff did not authorize or have knowledge that the Defendants were going to record the Deed of Trust or the New Wealth Grant Deed, and Plaintiff did not learn of those instruments until 2014. Plaintiff did not receive any consideration for the recording of the Lookout Viewpoint Grant Deed, the Deed of Trust, or the New Wealth Grant Deed, and the recording of those instruments constitute a fraud on Plaintiff and a cloud on the title to the Property.

23.    Plaintiff was seized of the Property within the past five years, and seeks to quiet title to the Property as of July 25, 2013.

- 6 -
VERIFIED COMPLAINT

### THIRD CAUSE OF ACTION

### (Declaratory Relief as Against All Defendants)

24.    Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 23, inclusive, as set forth above.

25.    An actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them, concerning their respective rights and duties, in that Plaintiff contends that she has clear title to the Property not subject to any legal or equitable right, title, estate, lien or interest adverse to Plaintiff's title, or any cloud on Plaintiff's title thereto as to any claims by the Defendants. Furthermore, Plaintiff contends that on or about July 8, 2013, Plaintiff was deceived into signing Exhibit "3", and she did not authorize or have knowledge of the Deed of Trust attached as Exhibit "4" or the New Wealth Grant Deed attached as Exhibit "5". Any purported conveyance of Plaintiff's interest in the said Property by the Lookout Viewpoint Grant Deed, Deed of Trust, and New Wealth Grant Deed was fraudulently obtained, and those instruments are void and without legal effect.

26.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, dispute the contentions set forth in Paragraph 25, above, and Defendants contend that they have a legal or equitable right, title, estate, lien or interest in the Property adverse to Plaintiff's title.

27.    Plaintiff desires a judicial determination of her rights and duties and a declaration as to the validity and/or existence of any legal or equitable rights, titles, estates, liens or interest in the Property in favor of Defendants or adverse to Plaintiff's title with respect to the Property.

28.    Such a Declaration is necessary and appropriate at this time in order that Plaintiff may ascertain her rights and duties.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

### FIRST CAUSE OF ACTION

1.    For compensatory damages in an amount that is subject to proof at trial;

2.    For punitive and exemplary damages in an amount that is subject to proof at trial;

### SECOND CAUSE OF ACTION

3.    For a judgment that Plaintiff is the owner of the fee simple title to the Property and that Defendants have no legal or equitable right, title, estate, lien, easement, or interest in the Property, or any portion thereof, which constitutes a claim or any other legal right to the Property which is superior to Plaintiff's fee simple interest or is a cloud on Plaintiff's title to the Property or otherwise;

### THIRD CAUSE OF ACTION

4.    For a judicial determination of Plaintiff's rights and duties and a declaration as to the validity and/or existence of any legal or equitable rights, titles, estates, liens or interest in the property in favor of Defendants or adverse to Plaintiff's title with respect to the Property.

### ON ALL CAUSES OF ACTION

5.    For costs of suit incurred herein according to proof; and

6.    For such other and further relief as the Court may deem just and proper.

Dated: July 22, 2014

FORRY LAW GROUP

BY: _____
CRAIG B. FORRY
Attorneys for Plaintiff

1

2

## VERIFICATION

3  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4      I have read the foregoing VERIFIED COMPLAINT FOR: 1. Fraud; 2. Quiet Title; and

5  3. Declaratory Relief, and know its contents.

6      I am the Plaintiff in this action. The matters stated in the foregoing document are true of

7  my own knowledge except as to those matters which are stated on information and belief, and

8  as to those matters I believe them to be true.

9      I declare under penalty of perjury under the laws of the State of California that the

10  foregoing is true and correct.

11      Executed on July 22, 2014, at Los Angeles, California.

12

13

14  SUSANA G. TSUKANO

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  FORRY LAW GROUP
2  Craig B. Forry, Esq. (SBN 113432)
   15501 San Fernando Mission Blvd., Suite 309
3  Mission Hills, CA 91345
   Telephone:   (818) 361-1321
4  Facsimile:   (818) 365-6522
5  Email:        Craig@forrylaw.com

6  Attorneys for Plaintiff Susana G. Tsukano

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                     FOR THE COUNTY OF LOS ANGELES

9

10  SUSANA G. TSUKANO,                      )  Case No.: PC055860
                                            )  [Assigned to Dept. F49]
11              Plaintiffs,                 )
                                            )  STATEMENT OF DAMAGES
12          vs.                             )
                                            )
13                                          )
    NEW WEALTH REAL ESTATE, INC., a         )
14  California Corporation; et al,          )
                                            )
15                                          )
            Defendants.                     )
16                                          )
                                            )
17                                          )
                                            )
18                                          )
                                            )
19
        TO DEFENDANTS HEREIN:
20
         PLEASE TAKE NOTICE THAT Plaintiff Susana G. Tsukano seeks damages in the above-
21
    entitled action, as follows:
22
        1.   Compensatory Damages                    $250,000.00
23
        2.   Punitive and exemplary damages          $100,000.00
24

25
    Dated: July 25, 2014                        FORRY LAW GROUP
26
                                                BY: _____
27
                                                   Craig B. Forry
                                                   Attorneys for Plaintiff
28